The opinion of the court was delivered by
Breaux, J.
The information filed in this case in two counts charges, that one Peter Louis, late of the parish of Ascension, on the 24th day of September, 1893, upon Leberte Oorsico feloniously did make an assault, and him, the said Oorsico, in bodily fear and danger of his life, then and there feloniously did put; six dollars of the money, chattels and goods of the said Leberte Oorsico from the person and against the said Leberte Oorsico then and there feloniously did steal, take and carry away, contrary to the form of the statute of Louisiana, in such cases made and provided, and against the peace and dignity of the same; and the said District Attorney aforesaid, who prose *1248 cutes as aforesaid in the Twentieth Judicial District Court in and for the parish of Ascension, gives the court here to understand and be informed that said Peter Louis aforesaid, late of said parish, at the same time and place, having, as aforesaid, assaulted and robbed said Leberte Oorsico, did then and there with force and arms, in said parish and within the jurisdiction of said court, wilfully, feloniously, and of his malice aforethought, shoot one Leberte Oorsico in the peace of the State then and there being, with a dangerous weapon, to-wit: a pistol, with the intent the said Leberte Oorsico then and there feloniously, wilfully and of his malice aforethought to kill and murder.
The accused was tried and found guilty.
From a sentence condemning him to be imprisoned in the State penitentiary at hard labor during twenty years, the accused prosecutes this appeal.
In his motion, in arrest of judgment, the defendant averred that the first count of the information does not set forth the commission of a crime, and that the second count does not allege the commission of a crime in connection with the offence charged in the first count; that it charges a distinct offence without alleged identity between the person referred to in the first count as having been robbed and the person referred to in the second count as having been shot; that & prosecution under Art. 809, Revised Statutes, is wholly inconsistent with a prosecution under Art. 791, Revised Statutes, under which sections the State has declared.
After this motion in arrest of judgment had been submitted to the «court for decision, the State entered a nolle prosequi as to the first count of the information, and sentence was thereafter passed upon the accused as to the second count.
In an assignment of errors, filed before this court, the defendant, through counsel, submits the following points:
1. That the withdrawal of the first count eliminated from the crime charged the essential ingredient of robbery, and he could not be sentenced under Sec. 791 of che Revised Statutes..
2. That the verdict and sentence are ultra vires, null and void, because defendant could not be held to answer to an information charging him with shooting with intent to murder in the perpetration of the crime of robbery. That the State could proceed against him on such a charge only by indictment.
*1249 A DEFECTIVE COUNT AND A GOOD COUNT.
All the grounds, briefly stated, in the order presented are:
1. That the State could not enter a nolle prosequi as to the defective count and sustain application for sentence on the remaining count.
The defendant pleaded to the information without calling on the prosecutor to elect and without motion to quash.
He was found guilty on each count.
The first being vicious was abandoned, the second remained.
The charge in the first count was treated as surplusage and withdrawn. It being separate and distinct from the good count, it could be quashed and the accused sentenced under the former.
Mr. Wharton, in his work on Criminal Evidence, p. 138, says:
“ All unnecessary words may on trial or assent of judgment be rejected as surplusage if the instrument would be good on striking them out.”
This court has approvingly quoted this section as applying to the quashing of vicious counts. The State of Louisiana vs. Thomas Brown, 35 An. 1058.
The effect in this case of entering a nolle prosequi as to the vicious count after a general verdict of guilty is the same as if the vicious count had been quashed.
The text writers, upon the subject, and jurisprudence unite in announcing that a bad count may be quashed without affecting the prosecution under the count not vicious.
If an indictment contains a good count a motion to quash should, as to it, be overruled. 30 An. 403; Whar. Crim. Plead., Sec. 394; 1 Bishop, Crim. Prac., Sec. 764.
2. SURPLUSAGE.
That the nolle prosequi as to the bad count carried with it the essential ingredient of robbery found in the second count, and that, in consequence, he could not be sentenced.
We have not discovered the merits of this point.
The section under which the information was framed provides that “whoever shall shoot * * * with intent to commit murder, under any other circumstances than there mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor, or otherwise, for not less than one nor more than twenty-one years.” R. S., Sec. 791.
*1250 Shooting with intent to murder under other circumstances than those mentioned in Sec. 790 of the Revised Statutes is the crime charged in the information and of which the accused was pronounced guilty.
Robbery is not one of the ingredients of the crime for which the accused was sentenced, and the “robbery” set forth in the bad count was surplusage in so far as related to the second and good count.
3. THE SECTION OF THE REVISED STATUTES UNDER WHICH THE INFORMATION WAS FRAMED.
That the second charge, which has direct reference to the first charge of robbery, comes within the provisions of Sec. 790 of the Revised Statutes, and the prosecution for that crime is limited to indictment (Cons., Art. 5) and is not possible by information.
The second count — i. e., the good count, contains a mere reference to the charge in the first or bad count. In setting aside the first count the charge of robbery was eliminated altogether. It is no part of the gravamen of the second count, and the reference to it was properly treated by the trial judge as mere surplusage.
He was not charged with “ lying in wait ” nor with robbery, and therefore was not prosecuted under Sec. 790, requiring presentment or indictment by grand jury.
He was prosecuted under Sec. 791 and found guilty of shooting with intent to murder under other circumstances than those mentioned in the preceding section — a crime which may be charged by information of the prosecuting officer.
The foregoing are the grounds urged to reverse the proceedings of the District Court. They do not establish that error has been committed on account of which the appeal should be reversed.
Judgment affirmed.