PATTERSON et al. v. HOLLY SPRINGS SEPARATE SCHOOL
DISTRICT.

[90 South. 119. No. 22329.].

APPEAL AND ERROR. *No jurisdiction to dismiss until bond filed.*

Though a decree recites that an appeal is granted until an appeal
bond is given, the supreme court acquires no jurisdiction, under sec-
tion 4921, Code of 1906 (section 3197, Hemingway's Code), to dis-
miss the appeal, although the time within which the bond may be
given has expired.

APPEAL from chancery court of Marshall county.

HON. J. G. McGOWAN, Chancellor.

Action between Blair Patterson and others and the Hol-
ly Springs Separate School District. The decree recited
that an appeal is granted. Upon motion to docket and dis-
miss such appeal. Motion dismissed.

*C. L. Bates,* for appellant.

The only question raised and presented for decision by
the motion of appellees in this case is this: When a chan-
cery court shall render a final decree in a cause, and the
losing party excepts to the decree and prays an appeal to
this court and the appeal is granted, and the appellants do
not execute an appeal bond nor do any other act toward
the prosecution of the appeal and no transcript is filed in
this court, then and in such case, has this Court power
and jurisdiction, under section 4921, (4355), Code 1906,
to entertain and grant a motion filed by appellee to docket,
advance and dismiss the appeal.

This precise question has been decided in the negative
and such jurisdiction and practice flatly repudiated by this
honorable court. *Snodgrass* v. *Nolan,* 71 Miss. 857.

In that case, the appellee filed in the supreme court a
copy of the decree of the chancery court and of the order

127 Miss.—28

granting the appeal, and moved to dismiss the appeal on the ground that appellant had failed to prosecute it by giving bond and filing a transcript of the record in the supreme court at the return term.

The motion was denied; and in deciding it, CAMPBELL, Chief Justice, delivering the opinion of the court said: "An appeal has been taken to the supreme court within the meaning of section 4355, Code 1892, when it has been perfected, and not before. A party may pray an appeal in open court and obtain an order therefor, or may petition the clerk for an appeal but that is not taking an appeal where the law requires more to perfect it. That was a step in the process of taking an appeal, and nothing more. It may be abandoned; it affects nobody. Of itself, not accompanied by the bond required, it affects nothing, and may be disregarded. Section 4355, Code 1892, under which the above decisions was made, is now and has been continuously in force, being section 4921, Code 1906.

Though the decree grants the appeal, that is only a step in the process of taking an appeal; but until the requisite bond is given, there is no appeal within the meaning of this section of the code authorizing a dismissal of the appeal where the record is not filed on the return day.

Second point. The reason of the rule announced in *Snodgrass* v. *Nolan* is that: "The execution and approval of the bond required by law is absolutely necessary in order to transfer the cause from the trial court to the supreme court, and give that court possession of it, and vest in it jurisdiction to make any order at all in it."

It is provided by Statute that: "Except as herein otherwise provided, an appeal shall not be considered as perfected, or a *supersedeas* awarded thereon, unless the bond required shall have been given and approved." Code 1906, sec. 61, which is same as sec. 60, Code 1892; *McAllister* v. *Richardson*, 101 Miss. 132; *Bank of Lauderdale* v. *Cole*, 106 Miss. 496; *Lumber Co.* v. *Stevenson*, 89 Miss. 678; *Pfieffer* v. *Hartman*, 60 Miss. 505.

Third point.  In this state, appeals are regulated exclusively by statute; and no appeal nor any rule of practice in respect to appellate procedure can be claimed by any party unless founded upon some statute of this state, and there is certainly no such authority for the motion of appellee in this cause.  No such motion has ever been entertained by this court; it, the motion is but an "irredescent dream" of appellee's counsel.

Code 1906, section 32, (31), Laws 1916, ch. 222, amending section 3112, Code 1906; *Brown* v. *Sawmill Co.*, 119 Miss. 439; *Railroad* v. *Williams,* 109 Miss. 441, 442; Laws 1917, extraordinary session, chapter 28, section 2 (last paragraph thereof), page —.

Section 32, Code 1906, provides: "Writs of error, as heretofore used, are abolished, and all cases, civil and criminal, at law and in chancery, shall be taken to the supreme court by appeal as herein provided, and shall be dealt with by said court without regard to the manner of removing the cases to such court."

It was the purpose and intent of the legislature to establish one statutory, uniform system of appellate procedure; and appeals from decrees validating bonds are not different from nor made an exception to that one uniform system.  The appeal is to be granted as in other cases; and the chancery clerk shall certify the record to the supreme court as in other cases.

Fourth point.  This is not an appeal from a decree overruling a demurrer, nor from any interlocutory order or decree, nor to settle the principles of the cause, nor to avoid expenses and delays but it is an appeal from a final decree settling the rights of the parties, and that in grave matters, and sections 34 and 35 have no application, whatever, to the question raised by appellee's motion.   It is true that the validating statute requires that the appeal must be requested at the time the chancellor enters his decree or within ten days thereafter, but in all other respects, the appeal is to be taken and prosecuted as in other cases. The granting of the appeal in this case to appellants is a

valuable right to them, and they have one year from its date (August 10, 1921) to perfect that right; and doubtless it is the purpose of appellee to deprive them of that right by its present motion filed, we submit, in contravention of the law and procedure of this honorable court.

No imaginary, unexpressed policy of the validating statute can be permitted to override the valuable right given to appellants by the clear, unequivocal, mandatory statutes of this state; the rights of appellants, given by law, are as sacred as the right of appellee.

*Lester G. Fant,* for appellee..

Mr. L. A. Smith has filed a brief which so clearly sets forth appellee's idea about the law applicable to the motion to docket and dismiss, that I deem it unnecessary for me to make an additional argument in regard to the purpose of the statute for the validation of bonds enacted by the special session of the legislature of Mississippi in 1917.

*J. B. Harris, Amicus Curiae.*

The language of the statute on the subject of the appeal is as follows:

If either party shall be dissatisfied with the decree of the chancellor an appeal shall be granted as in other cases, but such appeal must be requested at the time the chancellor enters his decree, or within ten days thereafter the chancery clerk shall certify the record to the supreme court as in other cases, and the supreme court shall hear the case as a preference case.

I wish to call the attention of the court here to a misquotation of this section in the brief of counsel for the appellant on page 8 of the original brief filed October 27. Counsel quotes section as follows: "An appeal shall be granted as in any one other case, etc." The court will see that the language of the act is that the appeal shall be granted as in other cases, not as in any other case.

Counsel insists that other cases means the ordinary appeal provide for under the general statute, which appeal may be perfected at any time within one year from the date of the decree. The clause of the Section provides that the appeal must be requested either at the time the chancellor enters his decree or within ten days thereafter. Counsel insists that although the time for requesting the appeal is limited to ten days from the rendition of the decree one year's time is given within which to perfect the appeal. Such a construction, we insist, would necessarily and obviously defeat the manifest purpose of the act. It would not be that the legislature contemplates that the issuance of bonds for public works could be held for twelve months under an act intended expressly for expeditious and prompt action and to prevent the very thing, which counsel herein is insisting upon. The act expressly requires that the appeal must be requested at the time the chancellor enters his decree or within ten days thereafter, that the chancery clerk shall certify the record to the supreme court and the supreme court shall hear the case as a preference case.

We insist that the requirements, that the appeal must be requested at the time the decree is rendered, or within ten days takes the matter entirely out of the general statute in reference to ordinary appeals, and that the legislature meant that the appeal must be perfected within ten days as in other cases where the time for taking an appeal is limited by the statute regulating the subject. In other words, other cases meant other analogous cases. In looking at the statutes it will be found that in all cases where a limitation in the time in which an appeal must be applied for, as in the statute, under consideration, the appeal must be perfected within that time. This provision applies particularly in those cases relating to public works and matters of a public matter and to those cases in which it is to the interest of parties, or to the body that delay, and expense should be avoided. For instance. In the establishment of drainage districts and matters pertaining thereto the ap-

peal must be perfected within ten days from the making of the order appealed from: section 4286-4322, 4394. In the eminent domain proceeding, the appeal must be perfected within twenty days. Hemingway's Code, section 1509. Appeal from assessments for taxes and in special assessments for public improvements, the appeal must be perfected within five days after the adjournment of the board making the order or assessments. Hemingway's Code, sec. 61 and section 5962. In the matter of municipalities enlarging streets the appeal must be perfected before the ordinance becomes operative. Hemingway's Code, section 5799.

In the matter of contested elections the appeal must be perfected within ten days and the commissioners of the election must file bill of exceptions and bond in the circuit court within five days after the same have been filed. It is true that the Validation Act does not say that the appeal must be perfected or that a bond must be given within ten days, but looking at the general purpose and intent of the act the court must look at the legislation of analogous character to determine what the legislature had in view requiring the appeal to be requested at the time the decree is entered or within ten days thereafter. The legislature manifestly meant by the words "as in other cases" as in other analogous cases. There is no room for the court to hold that the legislature meant a reasonable time beyond ten days. In other words the legislature seems to have meant ten days as a reasonable time to perfect an appeal in cases of this character.

Section 9, Hemingway's Code, in reference to appeal from the decree of the chancery court overruling demurrers, and section 10, in reference to interlocutory orders to settle the principles of the cause where expense and delay are to be avoided, the appeal must be perfected within ten days from the rendition of the decree. Appeals from Justice of the Peace within ten days, Hemingway's Code, sec. 63, unlawful entry and detainer, five days, Hemingway's Code, sec. 62.

We respectfully submit that any other construction than that the legislature, meant in cases of an appeal from a decree in a validation proceedings, the appeal should be perfected within ten days would manifestly defeat the purpose of the Act.   Looking at the various statutes to which I have referred, statutes, analogous to the one under consideration, the legislature manifestly meant ten days to be a reasonable time to perfect an appeal.

There must be some definite time fixed, otherwise what would be a reasonable time might be dependent upon the facts of a particular case.   It can't be said that ten days is an unreasonably short time, in the light of so many statutes fixing that time, as the time in which an appeal must be perfected.   Certainly no hardship could possibly be worked in giving the construction which we insist upon, while any other construction might work disastrous consequences.

If a public work can be held up for an indefinite period, not to exceed one year, by merely requesting an appeal within ten days after the rendition of the decree, the manifest purpose of the act would be defeated, and such a construction would be contrary to the spirit of the act as manifested by the express language used therein.

SMITH, C. J., delivered the opinion of the court.

This is a motion filed by the Holly Springs separate school district to docket and dismiss an appeal sought to be taken by Patterson and others from a decree of the chancery court of Marshall county validating certain school bonds which the city of Holly Springs desires to issue for the use of its separate school district.   The bonds were validated under the provisions of chapter 28, Laws of 1917 (extra sess.), and the appeal sought to be dismissed was allowed in the decree validating the bonds.   The appeal was granted 60 days or more prior to the filing of the motion to dismiss, but no appeal bond has yet been executed.   The ground of the motion is that the right of Patterson and

his associates to an appeal has lapsed, for the reason that the time for executing a bond therefor has expired. This may be true, as to which we express no opinion; nevertheless the motion must be dismissed, for the reason that, as pointed out by counsel for the proposed appellants and decided by this Court in *Snodgrass* v. *Nolan*, 71 Miss. 857, 15 So. 801, an appeal must be perfected by the execution of an appeal bond, when a bond therefor is necessary, before this court is authorized to docket and dismiss it, under the provisions of section 4921, Code of 1906 (section 3197, Hemingway's Code), for delay in the prosecution thereof. Whether the right to an appeal herein has lapsed can be decided only when a right thereto is attempted to be asserted by the execution of an appeal bond.

The motion to docket and dismiss therefore must be, and is hereby, dismissed.

*Dismissed.*

